# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**CHARLES JONES (# 36930)**                                                                                    **PETITIONER**

**v.**                                            **No. 3:08CV87-A-A**

**CHRISTOPHER EPPS, ET AL.**                                                      **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Charles Jones for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and Jones has responded. The matter is ripe for resolution. For the reasons set forth below, the state's motion shall be granted and the present petition for a writ of *habeas corpus* dismissed as untimely filed.

## Facts and Procedural Posture

On October 16, 1980, Charles Jones was convicted in the Circuit Court of Benton County, Mississippi of capital rape and sentenced to serve life with parole in the custody of the Mississippi Department of Corrections. Jones appealed his conviction and sentence to the Mississippi Supreme Court which issued a mandate affirming the trial court's decision on December 4, 1981. Jones filed with the Mississippi Supreme Court an Application for Leave to File Motion to Vacate Conviction and Sentence in Trial Court, but the Mississippi Supreme Court denied the application as untimely filed and procedurally barred on July 16, 1996.[1] Jones then filed a federal petition for a writ of *habeas corpus* in this court on August 12, 1996. This

---

[1] The date Jones filed this application with the Mississippi Supreme Court has not been determined, but is not necessary for the court's ruling on the instant petition for a writ of *habeas corpus*.

court denied the *habeas corpus* petition June 26, 1997. The Fifth Circuit denied the petitioner's application for a certificate of appealability, ending the appeal process.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

The one-year limitations period does not begin to run against a state prisoner prior to the statute's date of enactment, April 24, 1996. Rather, federal *habeas corpus* applicants like Jones, whose conviction became final prior to April 24, 1996, are entitled to a one-year grace period until April 24, 1997, to seek federal *habeas corpus* relief. *Grillete v. Warden, Winn Correctional*

*Center,* 372 F.3d 765, 768 (5th Cir. 2004) (citing *Egerton v. Cockrell,* 334 F.3d 433, 435 (5th Cir. 2003)). Thus, all convictions prior to April 24, 1996, are considered final as of April 24, 1996, for purposes of the AEDPA's period of limitation. Jones did not *properly*[2] file a state application for post-conviction relief ("PCR") as contemplated by 28 U.S.C. § 2244(d)(2) on or before April 24, 1997, to toll the limitations period; as such, his *habeas corpus* petition was untimely filed. *See Grillete,* 372 F.3d at 769; *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). The petitioner's pursuit of federal *habeas corpus* relief does not trigger statutory tolling of the limitations period.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on August 21, 2008, and the date it was received and stamped as "filed" in the district court on August 25, 2008. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 4,137 days (11 years, 3 months, 28 days) after the April 24, 1997, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition shall therefore be dismissed with prejudice and without evidentiary

---

[2]Jones apparently did file an application for post-conviction collateral relief, but the Mississippi Supreme Court denied relief on July 16, 1996, because the application was not filed within the state three-year limitations period – and was procedurally barred. To the extent that such a petition could be "properly filed," any tolling from this petition would be insufficient to render the current federal petition timely.

hearing as untimely filed under 28 U.S.C. § 2244(d).  A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 19th day of June, 2009.

                                                   **/s/ Sharion Aycock**
                                                   **U. S. DISTRICT JUDGE**